IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA

vs.

CASE NUMBER.: CR592-29

BENJAMIN LASHAWN COOPER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Benjamin Cooper ("Cooper"), an inmate currently incarcerated at the Federal Correctional Institution in White Deer, Pennsylvania, filed a Motion entitled "Rule 60(b) Motion and Combined Affidavit for the Court to Adjudicate the Bailey Claim Previously Filed Under § 2255." The government filed a Response. For the reasons which follow, Cooper's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

In 1993, a jury convicted Cooper of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and of use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (Doc. Nos. 1085, p. 2, and 1086, p. 1). Cooper was initially sentenced to 360 months' imprisonment on the conspiracy charge and 60 months' imprisonment on the firearm charge, to be served consecutively; the conspiracy charge was later reduced to 292 months. (Doc. Nos. 1085, p. 2, and 1086 pp. 1–2). Cooper appealed, and the Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on October 26, 1995. (Doc. Nos.

1085, p. 2, and 1086, p. 2). The Eleventh Circuit denied Cooper's Petition for Rehearing on February 1, 1996. (Doc. No. 1086, p. 2).

On June 24, 1996, Cooper filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Id.) (referencing Cooper v. United States, CV596-060). Cooper states that he filed the 1996 § 2255 motion "[f]ollowing the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), wherein the Court held that 'use' in § 924(c)(1) required 'an active employment of the firearm by the defendant.' Id., at 143." (Doc. No. 1085, p. 2). Cooper states that, in that motion, he argued that the decision in Bailey rendered his § 924(c)(1) conviction invalid and that he "also argued against the drug quantity attributed to him in the conspiracy charge." (Id.). Cooper avers that this Court denied his motion on the drug quantity issue but did not address the Bailey claim. (Id.).

In July 2009, Cooper filed a second § 2255 motion. (Doc. No. 1086, p. 3) (referencing Cooper v. United States, CV509-038). Three weeks later, Cooper filed a "Motion for Hearing on Issue of Factual Dispute," wherein, according to the government, Cooper cited to Bailey for the first time. In April 2010, this Court dismissed Cooper's 2009 § 2255 motion as successive. (Doc. No. 1086, pp. 3–4).

On March 12, 2012, Cooper filed the instant Motion, wherein he seeks adjudication of his previously-filed Bailey claim. The Motion is docketed in United States v. Cooper, CR592-029-6. It is unclear whether Cooper seeks relief from the judgment entered in CR592-029-6 or from the judgment entered in CV596-060. Cooper does not mention CV509-038 in his Motion. However, the government addressed the Motion as if Cooper is seeking relief from the judgment entered in CV509-038 because

2

it was, according to the government, in relation to that § 2255 motion where Cooper first brought a claim pursuant to Bailey.

In the instant Motion, Cooper argues that because he did not "use" a firearm, "the facts of his case were insufficient to support a conviction under § 924(c)(1). . . . [And] this Court should right this miscarriage of justice by reaching the merits of the Bailey claim filed in his earlier § 2255." (Doc. No. 1085, p. 3). Cooper fails to state under what subsection of Federal Rule of Civil Procedure 60 his Motion is brought; the government has construed the Motion as brought under Rule 60(b)(6), and the Court agrees. The government argues that relief under Rule 60(b) is inappropriate because "[t]he district court sufficiently addressed all of Cooper's § 2255 claims [in CV509-038] by finding that his motion in its entirety was barred as successive." (Doc. No. 1086, p. 5). Additionally, the government argues that Cooper's Motion is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

"A motion under Rule 60(b) must be made within a reasonable time . . . after the entry of the judgment or order[.]" FED. R. CIV. P. 60(c)(1). See also Ramsey v. Walker, 304 F. App'x 827, 828 (11th Cir. 2008). Motions brought pursuant to Rule 60(b)(6) are not subject to the strict one year after the entry of judgment requirement applicable to motions brought pursuant to Rule 60(b)(1), (2), and (3). Instead, "[a] determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." Ramsey, 304 F. App'x at 828 (citing Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976)). In Ramsey, the Eleventh Circuit decided that Ramsey's

AO 72A
(Rev. 8/82)

Rule 60(b)(6) motion was not filed within a reasonable time of the district court's denial of his habeas corpus petition, brought pursuant to 28 U.S.C. § 2254. The Court reasoned, "[Ramsey] filed the motion more than six years after the denial of his § 2254 petition and two years after the cases on which he relied were decided." Id. at 829.

Because Cooper's Motion is unclear, the Court will assume that he intended to seek relief from the judgment entered in CV509-038, the most recent of the three relevant judgments.[1] Judgment was entered in CV509-038 on April 22, 2010. Cooper filed a Notice of Appeal on May 3, 2010. The Eleventh Circuit dismissed Cooper's appeal for want of prosecution on June 8, 2010. Over a year and a half later, and almost two years after the entry of judgment, Cooper filed the instant Rule 60(b) Motion. The arguments in Cooper's Motion are premised on Bailey v. United States, a 1995 Supreme Court case, and were, therefore, available to Cooper at the time judgment was entered in CV509-038. Cooper has given no reason to justify his delay in bringing the instant Motion. Cooper's Motion was not filed "within a reasonable time" as required by Rule 60(c)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Cooper's Motion be **DISMISSED** as untimely.

**SO REPORTED** and **RECOMMENDED**, this 5th day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] It should be noted that Rule 60(b) is not an available avenue to seek relief from the judgment entered in CR592-029. See FED. R. CIV. P. 1.

4