IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA

vs.                                             CASE NUMBER.: CR592-29

BENJAMIN LASHAWN COOPER

## ORDER

Benjamin Cooper ("Cooper") filed Objections to the Magistrate Judge's Report dated April 5, 2012, which recommended that Cooper's Motion entitled "Rule 60(b) Motion and Combined Affidavit for the Court to Adjudicate the Bailey Claim Previously Filed Under § 2255" be dismissed as untimely. After an independent and de novo review of the record, the undersigned agrees with the Magistrate Judge's Report and Recommendation.

In 1993, a jury convicted Cooper of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and of use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (Doc. Nos. 1085, p. 2, and 1086, p. 1). Cooper appealed, and the Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences on October 26, 1995. (Doc. Nos. 1085, p. 2, and 1086, p. 2). The Eleventh Circuit denied Cooper's Petition for Rehearing on February 1, 1996. (Doc. No. 1086, p. 2).

On June 24, 1996, Cooper filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Id.) (referencing Cooper v. United States, CV596-060). Cooper states that he filed the 1996 § 2255 motion "[f]ollowing the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), wherein the Court held that 'use' in § 924(c)(1) required 'an active employment of the firearm by the defendant.' Id., at 143." (Doc. No. 1085, p. 2). Cooper states that, in that motion, he argued that the decision in Bailey rendered his § 924(c)(1) conviction invalid and that he "also argued against the drug quantity attributed to him in the conspiracy charge." (Id.). Cooper avers that this Court denied his motion on the drug quantity issue but did not address the Bailey claim. (Id.).

In July 2009, Cooper filed a second § 2255 motion. (Doc. No. 1086, p. 3) (referencing Cooper v. United States, CV509-038). Three weeks later, Cooper filed a "Motion for Hearing on Issue of Factual Dispute," wherein, according to the government, Cooper cited to Bailey for the first time. In April 2010, this Court dismissed Cooper's 2009 § 2255 motion as successive. (Doc. No. 1086, pp. 3–4).

On March 12, 2012, Cooper filed the instant Motion, wherein he seeks adjudication of his previously-filed Bailey claim. The Motion is docketed in United States v. Cooper, CR592-029-6. It is unclear whether Cooper seeks relief from the judgment entered in CR592-029-6 or from the judgment entered in CV596-060. Cooper does not mention CV509-038 in his Motion. However, the government addressed the Motion as if Cooper is seeking relief from the judgment entered in CV509-038 because it was, according to the government, in relation to that § 2255 motion where Cooper first brought a claim pursuant to Bailey. The Magistrate Judge analyzed the timeliness of

2

the instant Motion as if it sought relief from CV509-038 because it is the most recent of the three relevant judgments.

In his Objections, Cooper first argues that his second § 2255 motion, CV509-038, should have been construed as a petition brought pursuant to 28 U.S.C. § 2241. This is not the proper forum for such an argument.

Second, Cooper states that he filed the instant Motion under Rule 60(b)(4). Because he did not make that clear until now, the Magistrate Judge analyzed the Motion under Rule 60(b)(6). However, for the purpose of timeliness, the difference is inconsequential. Like motions brought under Rule 60(b)(6), motions brought under Rule 60(b)(4) "must be made within a reasonable time . . . after the entry of the judgment or order[.]" FED. R. CIV. P. 60(c)(1). Third, Cooper states that he brought the instant Motion under Rule 60(b)(4) "where the original judgement [sic] for his 1993 conviction under 18 U.S.C. § 924(c)(1) was rendered void by the Supreme Courts [sic] intervening decision in [Bailey]." (Doc. No. 1099, pp. 1–2). The instant Motion cannot proceed for two reasons. First, the undersigned agrees with the Magistrate Judge's determination that Cooper's Motion is untimely. (See Doc. No. 1087, pp. 3–4). Second, Rule 60(b) is not an available avenue for Cooper to seek relief from the judgment entered in his 1993 criminal case. See FED. R. CIV. P. 1.

Finally, in his Objections, Cooper states that his attorney who dealt with his first § 2255 motion, CV596-060, was ineffective for failing to file the Bailey claim in that motion. Again, this is not the proper forum for such an argument.

Cooper's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate

3

AO 72A
(Rev. 8/82)

Judge, as supplemented by this Order, is adopted as the Opinion of the Court. Cooper's Rule 60(b) Motion is **DISMISSED**.

**SO ORDERED**, this 25th day of July, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)